Defendants' remaining grounds of appeal are clearly without merit. *R.*2:11–3(e)(1)(E).

The judgment of the trial court is affirmed.

597 A.2d 552

IN THE MATTER OF HENRY RICHARDSON, CLAIMANT-RESPONDENT, AND BOARD OF REVIEW, OFFICE OF HEARINGS, APPEALS AND REVIEW, DEPARTMENT OF LABOR, STATE OF NEW JERSEY, RESPONDENT, v. MEMORIAL CENTER FOR WOMEN, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 12, 1991—Decided October 3, 1991.

Before Judges J.H. COLEMAN, STERN and KEEFE.

*Laurence Reich* argued the cause for the appellant, Memorial Center for Women (*Carpenter, Bennett & Morrissey,* attorneys; *Jane Andrews Lalli,* on the brief).

*John C. Turi,* Deputy Attorney General, argued the cause for the respondent, Board of Review (*Robert J. Del Tufo,* Attorney General, attorneys; *Mary C. Jacobson,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

KEEFE, J.A.D.

Claimant Henry Richardson's employer, Memorial Center for Women (Memorial), appeals from the decision of the Board of Review which reversed the decision of the Appeals Tribunal and held that Richardson's discharge did not amount to a voluntary quit as intended by the provisions of *N.J.S.A.* 43:21-5(a). We affirm the decision under review.

Richardson was employed by Memorial as a porter in its Environmental Services Department from August 3, 1987 to December 12, 1989. In August 1989, Richardson took a leave of absence for the purpose of seeking help in connection with a substance abuse problem. However, he returned to work on September 15, 1989 without having attended a rehabilitation program. He again commenced a leave of absence on October 10, 1989 which leave was granted on condition that he participate in a rehabilitation program. It was agreed between Richardson and Memorial that, upon his return to employment, Richardson would provide random urine specimens for drug testing. He was advised that his failure to pass the random

drug testing would result in his termination. Richardson consented in writing to this condition.

Richardson apparently attended the program and returned to work on November 13, 1989. When Memorial attempted to conduct a random urine test on December 12, 1989, Richardson provided a water specimen instead of a urine specimen in violation of his agreement with Memorial. When confronted, Richardson admitted that he had provided the water specimen because he continued to use cocaine. Thus, Memorial terminated Richardson on December 12, 1989.

The Appeal Tribunal concluded from these facts that Richardson's "failure to pass ... [the test] was tantamount to a voluntary quit because he willingly and knowingly put himself in a situation which cause[d] his immediate discharge."

The Board of Review withdrew the matter from the Appeal Tribunal in accordance with *N.J.A.C.* 12:20–3.4(d). The Board of Review adopted the findings of fact of the Appeal Tribunal but held that the Appeal Tribunal's decision was "contrary to precedent" and reversed the Appeal Tribunal. The Board concluded that in cases where "an individual's actions *lead to* his discharge", a conclusion that he voluntarily quit " 'should be carefully limited to cases in which there is clear and unequivocal proof that the claimant desired to bring about a separation from work.' "

On appeal, Memorial contends that the Board of Review applied the wrong principle of law and ignored our Supreme Court's decision in *Yardville Supply Co. v. Board of Review*, 114 *N.J.* 371, 554 *A.*2d 1337 (1989). In that case, the Court found that an employee, who had been hired by the employer for the purpose of driving a truck and subsequently lost his license as a result of a drunk driving conviction in a non-work related incident resulting in termination by the employer, had voluntarily quit his employment within the meaning of *N.J.S.A.* 43:21–5(a). In so holding, the Court announced this rule:

> Where it is reasonably foreseeable that an employee's voluntary conduct will render him unemployable, and his actions actually do lead to the loss of a prerequisite of employment, the employee leaves work voluntarily without good cause attributable to such work under *N.J.S.A.* 43:21–5(a).

114 *N.J.* at 377, 554 *A.*2d 1337 (footnote omitted). In applying the rule to the facts of the case before it, the Court reasoned that "[a] driver's license is a prerequisite of employment for those, such as Sparks, who drive for a living." *Id.*

Inexplicably, the Board of Review did not address the *Yardville* rule and attempt to distinguish it from the facts of this case. Instead, it applied a much more stringent test to circumstances such as these. That is, it held that a voluntary quit would occur only in circumstances where there was " 'clear and unequivocal proof that the claimant desired to bring about a separation from work.' " The Supreme Court in *Yardville* did not require the employer to prove in that case that when its employee drove a vehicle under the influence he "desired to bring about a separation from work" as the Board appears to require.

Nonetheless, although we disagree with the Board's statement of the rule to be applied in this type of case, we agree with its conclusion. The focus of the analysis should have been on whether Richardson's agreement with Memorial to submit to random urine tests was a "prerequisite" of employment as contemplated by *Yardville* or merely a condition of continued employment, the breach of which results in a finding of misconduct under *N.J.S.A.* 43:21–5(b).[1] We conclude that the agreement between Richardson and his employer did not constitute a prerequisite of employment under the rationale of *Yardville* because it was not an essential condition required of any employee who seeks to hold the position of a porter.

Affirmed.

---

[1] We note that a termination based on misconduct disentitles the employee from benefits for the week in which the misconduct occurred and for the next five weeks. Richardson's misconduct termination resulted in a loss of those benefits.